**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. A-19-CV-479** |
| | § | |
| **ONE 2012 CADILLAC SRX SUV,** | § | |
| **VIN: 3GYFNAE3XCS545828,** | § | |
| **Defendant.** | § | |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff United States of America, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

## I.  NATURE OF THE ACTION

1.      This action is brought by the United States seeking forfeiture to the United States of the following property:  **One 2012 Cadillac SRX SUV K3500, VIN: 3GYFNAE3XCS545828 (hereinafter referred to as "Defendant Vehicle" or "Cadillac").**

## II. STATUTORY BASIS FOR FORFEITURE

2.      This is a civil forfeiture action *in rem* brought against the Defendant Vehicle for violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*., and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4), which states:

**§ 881.  Forfeitures**
   **(a)  Subject property**
      The following shall be subject to forfeiture to the United States and no
      property right shall exist in them:
                        * * *

(**4**) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).

### III.   JURISDICTION AND VENUE

3.       Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture.  This Court has *in rem* jurisdiction over the Defendant Vehicle under 28 U.S.C. §§ 1355(b) and 1395.

4.       Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and because the Defendant Vehicle is found in this District.  *See also* 28 U.S.C. § 1395(b).

5.       The Defendant Vehicle was seized on December 17, 2018, by the Drug Enforcement Administration (**DEA**).  The Defendant Vehicle has remained in the custody of the DEA, within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

### IV.   FACTS IN SUPPORT OF FORFEITURE

6.       On December 17, 2018 at approximately 4:13 p.m., a detective in the Williamson County Sheriff's Office (**WCSO**) observed the Defendant Vehicle commit a traffic violation: following too closely and failing to signal a lane change.  A traffic stop was conducted at or about 8500 North IH-35, in Jarrell, Texas near mile marker 268.  The detective explained to the driver – Martha A. Zapata (Zapata) – why she was stopped, and he advised her that he was going to issue a warning ticket.  Zapata's two adult daughters[1] were in the vehicle along with two

---

[1] The daughters were identified as K. Ortega (**Ortega**) and A. Villarreal.  Ortega purportedly co-owns the

minor grandchildren. The detective requested Zapata's driver's license, registration, and insurance and asked Zapata to sit in his service vehicle while he wrote the warning.

7. In the detective's service vehicle, he asked Zapata how her day was going and where they were coming from. Zapata replied that they were coming from San Antonio where they had done some shopping and were heading to Dallas to buy dresses for her boutique, which was based out of her home. When asked if they had been in San Antonio for a couple of days, Zapata replied negatively, explaining that they just passed through San Antonio, which contradicted her earlier statement of shopping in San Antonio for the day. As they talked, Zapata could not remember the name of the store she was going to even though she stated that she drove up to Dallas about every two weeks. As she continued talking, Zapata kept adding to her story, and then she said that she had only been to Dallas twice. When asked how long she had the vehicle, Zapata could not remember; then she answered that it was coming up to a year. The registration information, however, indicated that Zapata purchased the vehicle fifteen months prior. Zapata also said she sold jewelry, shoes, and cocktail dresses out of her home, which contradicted an earlier statement that she only sold formal dresses.

8. When the detective asked for her phone number, Zapata had difficulty remembering it. During the conversation, the detective learned that Zapata had no hotel reservation for her two-day stay in Dallas nor could she recall the name or address of the store she was going to visit which was the purpose of her trip. Throughout the whole time, Zapata appeared extremely nervous, talked very fast, and contradicted what she said on multiple occasions.

Defendant Vehicle with Zapata.

9.      While preparing the warning, the detective noticed that the insurance card was for a Ford vehicle, not the Cadillac, so he went back to the Defendant Vehicle and asked the daughters if they could find the insurance card for the Cadillac.  As the daughters searched, the detective asked them where they were coming from, and they stated Eagle Pass.  They stated that they were going to Dallas to buy mannequins (not dresses) for Zapata's store and that they would be staying one or two days.  They further stated that they had been once before to Dallas to buy dresses, that they had been the month before, and that they stayed at a Holiday Inn.  The detective asked the daughters if they stopped along the way, and they replied that they had only stopped to change the baby's diaper.  These statements contradicted Zapata's statements.  Once the insurance card for the Cadillac was found, the detective returned to his service vehicle and Zapata.

10.     Back in his service vehicle, the detective asked Zapata if everything in the vehicle belonged to her.  Zapata stated, yes, all items belonged to her and her daughters.  Zapata denied having any firearms, large amounts of currency, or marijuana.  Zapata also denied having any heroin or cocaine while chuckling several times; she further denied having any drugs or compartments in the vehicle.  When asked for consent to search the Defendant Vehicle, Zapata consented.

11.     For safety reasons, the detective asked Zapata to move her vehicle off of the busy highway to a parking lot on the access road.  Once the Defendant Vehicle was parked, the detective opened the hatchback and noticed that the screws holding the trunk/storage panel were scratched (which indicated that it had been tampered with).  After moving a panel on the back right side of the vehicle, the detective found a secret electronic compartment built into the rear passenger-side quarter-panel.  The detective inserted a fiber optic scope and observed multiple

bundles of suspected narcotics hidden in a secret compartment that electronically operated the right rear tail light to open.

12.     The DEA was contacted about the suspected narcotics, and the detective called for backup before proceeding to remove the suspected narcotics from the Cadillac.  The detective went back to the service vehicle where Zapata was sitting and informed her of her Miranda rights.  He explained that he had discovered suspected narcotics and inquired about what type of narcotics she was carrying, where she was going to deliver the narcotics, and how much she was going to be paid for the delivery.  Zapata confessed that it was her first time to transport narcotics and that she did not know how much she was going to be paid for delivering the narcotics, nor did she know what type of drugs were in the Cadillac.  Zapata further explained that she was supposed to receive a call with instructions and that the plan was to take the Cadillac to a Walmart in Dallas, where she would leave the keys in the car so "they" could take the drugs out.  Zapata did not disclose the name of who had hired her to make the delivery.

13.     When asked if "they" bought the Cadillac for her or if she gave them the car to install the secret compartment, Zapata admitted that she gave "them" the Cadillac so that "they" could install the compartment.

14.     Zapata and her family were taken to the WCSO.  The Cadillac was also brought to the WCSO where eight bundles of suspected cocaine were extracted out of the secret electronic compartment behind the Cadillac's tail light.  A field test was conducted on a bundle which returned a positive result for cocaine.  The total weight of the bundled cocaine was approximately 8 kilograms.  The bundles were heat-sealed and had different markings and layers of packaging, including baby wipes and dryer sheets, which is a common method used by drug traffickers to mask the scent of narcotics.

15.    A DEA Task Force Officer attempted to interview Zapata, but when she requested an attorney, the interview was terminated.  The daughters were not interviewed, and they denied having any knowledge of the narcotics.

16.    On December 17, 2018, Zapata was arrested pursuant to state drug charges.  On December 19, 2018, Zapata was charged by Information with Possession of Cocaine more than 400 kilograms.[2]  Zapata was scheduled for a Docket Call on January 9, 2019; but when she failed to appear, a bench warrant was issued for her arrest.  The bench warrant remains active.

17.    Based on the agents' training and experience in similar investigations, the agents know that persons who distribute illegal substances utilize their vehicles to transport either the illegal narcotics or the illicit proceeds between the source of supply, distributors, and buyers. Furthermore, based on the use of the Defendant Vehicle on December 17, 2018, agents seized the Defendant Vehicle as the vehicle had been modified and customized to facilitate unlawful drug crimes.

18.    In January 2019, the DEA provided the purported co-owners (*i.e.* Zapata and Ortega) with notice of the Defendant Vehicle's seizure and its intention to administratively forfeit the Defendant Vehicle pursuant to the Controlled Substances Act.  On February 3, 2019, Ortega submitted a claim, contesting the administrative forfeiture of the Defendant Vehicle; Zapata, however, did not file a claim.

19.    While Ortega has claimed the Defendant Vehicle as a co-owner, the information obtained during the investigation establishes that it was Zapata who exercised dominion and control over the vehicle.  Given Zapata's use of the Defendant Vehicle to transport cocaine in a

---

[2] *See State of Texas v. Martha Alicia Zapata,* No. 18-2706-K368 (368th Dist. Ct., Williamson County, Tex., Dec. 19, 2018).

concealed compartment to facilitate a drug crime and in light of her admission that she was carrying narcotics, these facts and circumstances would lead a reasonable person to believe that the Defendant Vehicle represents property used or intended to be used to facilitate unlawful drug crimes.   Therefore, the Defendant Vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) as the Defendant Vehicle was property used or intended to be used to facilitate unlawful drug crimes in violation of 21 U.S.C. §§ 801, *et seq.*

## V.  **PRAYER**

WHEREFORE, Plaintiff United States of America prays that due process issue to enforce the forfeiture of the Defendant Vehicle; that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed[3]; that a warrant for an arrest in rem be ordered; that the Defendant Vehicle be forfeited to the United States of America; that the Defendant Vehicle be disposed of in accordance with the law; and for any such further relief as this Honorable Court deems just and proper.

---

[3]Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this Complaint, will be sent to those known to the United States to have an interest in the Defendant Vehicle.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:

DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel:   (512) 916-5858
Fax:   512) 916-5854
Email: Daniel.Castillo@usdoj.gov

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

**VERIFICATION**

I, STEVEN HALL, declare and state as follows:

1.      I am a Task Force Officer with the Drug Enforcement Administration.  I am assigned to the Austin Office and am the criminal investigator responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof.  The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources.  Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this  _03_  day of May, 2019.

Steven Hall, Task Force Officer
Drug Enforcement Administration
Austin Office

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
One 2012 Cadillac SRX SUV K3500, VIN: 3GYFNAE3XCS545828

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Williamson County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
United States Attorney's Office
Daniel M. Castillo, AUSA
816 Congress Ave., Suite 1000, Austin, TX 78701, (512) 916-5858

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. Sec. 801 et seq
Brief description of cause:
Drug Facilitation/Proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
05/03/2019

SIGNATURE OF ATTORNEY OF RECORD
*Daniel M. Castillo*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. A-19-CV-479** |
| | § | |
| **ONE 2012 CADILLAC SRX SUV,** | § | |
| **VIN: 3GYFNAE3XCS545828,** | § | |
| **Defendant.** | § | |

<u>**NOTICE OF COMPLAINT FOR FORFEITURE**</u>

1.      On May 3, 2019, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas, against the below-described property, which is also specifically described in the Verified Complaint for Forfeiture, for violations of 21 U.S.C. §§ 801 *et seq*., and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4), namely:     **One 2012 Cadillac SRX SUV K3500, VIN: 3GYFNAE3XCS545828 (hereinafter referred to as "Defendant Vehicle")**.

2.      Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), notice to any person who reasonably appears to be a potential claimant shall be by direct notice.  Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Defendant Vehicle.  Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Defendant Vehicle who has received direct notice of this forfeiture action must file a Claim, in compliance with Supplemental Rule G(5)(a), with the court **within 35 days after the notice was sent, if delivered by mail, or within 35 days of the date of delivery, if notice was personally served**.  An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **21 days** of the Claim being filed.

**APPENDIX A**

3.      The Claim and Answer must be filed with the Clerk of the Court, 501 W. Fifth Street, Austin, Texas 78701, and copies of each must be served upon Assistant United States Attorney Daniel M. Castillo, 903 San Jacinto, Suite 334, Austin, Texas 78701, or default and forfeiture will be ordered.  *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

4.      Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**APPENDIX A**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. A-19-CV-479** |
| | § | |
| **ONE 2012 CADILLAC SRX SUV,** | § | |
| **VIN: 3GYFNAE3XCS545828,** | § | |
| **Defendant.** | § | |

## <u>WARRANT FOR THE ARREST OF PROPERTY</u>

TO THE UNITED STATES MARSHALS SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on May 3, 2019, against the following property: **One 2012 Cadillac SRX SUV K3500, VIN: 3GYFNAE3XCS545828 (hereinafter referred to as "Defendant Vehicle")**, alleging that the Defendant Vehicle is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4) for violations of 21 U.S.C. §§ 801 *et seq*., and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Plaintiff United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Defendant Vehicle as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody, or control the Defendant Vehicle is presently found, and to use whatever means may be appropriate to protect and maintain the Defendant Vehicle in your custody until further order of this Court,

including designating a substitute custodian or representative for the purposes of maintaining the

care and custody of the Defendant Vehicle and to make a return as provided by law.

  SIGNED this _____ day of _____, 2019.


        JEANNETTE J. CLACK
        United States District Clerk
        Western District of Texas


    By: _____
       Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil No. A-19-CV-479** |
| | § | |
| ONE 2012 CADILLAC SRX SUV, | § | |
| VIN: 3GYFNAE3XCS545828, | § | |
| **Defendant.** | § | |

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on May 3, 2019, against **One 2012 Cadillac SRX SUV K3500, VIN: 3GYFNAE3XCS545828 (hereinafter referred to as "Defendant Vehicle")**, alleging that the Defendant Vehicle is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4) for violations of 21 U.S.C. §§ 801 *et seq.*; IT IS THEREFORE

ORDERED that a Warrant for Arrest of Property of Defendant Vehicle issue as prayed for, and that the United States Marshals Service for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Defendant Vehicle and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure, until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Defendant Vehicle while in custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Defendant Vehicle and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.


_____
UNITED STATES DISTRICT JUDGE